UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:05-CR-96

v.

Hon. Richard Alan Enslen

ANTWAN T. MIMS,

**ORDER**

        Defendant.
_____/

      Plaintiff United States of America has moved pursuant to Federal Rule of Criminal Procedure 47 to amend its Indictment to correct the spelling of Defendant's first name from "Antwon" to "Antwan." In *Russell v. United States*, 369 U.S. 749, 770 (1962), the United States Supreme Court held that an Indictment may not be amended without re-submission to a grand jury "unless the change is a matter of form." Exactly what was meant by that exception was not explained by the Supreme Court.

      Modern cases have permitted the correction of the spelling of a defendant's name. For example, in *United States v. Denny*, 165 F.2d 668, 670 (7th Cir. 1947), the Seventh Circuit Court of Appeals permitted the correction of Defendant's name from Kenny to Denny without re-submission because identity was not a real issue. Such cases are somewhat at odds with the history of the grand jury process. *Ex part Bain*, 121 U.S. 1 (1887), upon the Supreme Court relief in *Russell*, understood the grand jury process very formally and required strict adherence to it. For example, the *Bain* case cited with approval an 1849 decision of the Massachusetts Supreme Court, *Commonwealth v. Drew*, 57 Mass. 279, 282 (Mass. 1849) (Justice Shaw), which commented that

an indictment charging an incorrect name must be resubmitted to the grand jury.[1]  In the *Drew* case, the "mistake" at issue was the failure to allege the defendant's middle initial--"G."  Although this history gives the Court some concern about the practice of amending names in indictments without re-submission to the grand jury, these concerns are essentially answered by the Supreme Court's more recent decision in *United States v. Cotton*, 535 U.S. 625, 625-26 (2002).  *Cotton* held that *Bain's* description of minor indictment defects as "jurisdictional" and not subject to correction was a historical anomaly which no longer applied, particularly since a defendant could waive indictment of an offense.  *Id.*

In the instant case, the defect (as in the *Denny* case) is minor and does not give rise to any question concerning the identity of the person charged.  Furthermore, defense counsel has not opposed the correction motion, which is in the nature of a change in form.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Amend the Indictment as a Matter of Form (Dkt. No. 14) is **GRANTED** and the Indictment is hereby **AMENDED** by correcting the spelling of Defendant's first name from "Antwon" to "Antwan".

DATED in Kalamazoo, MI:  
      July 18, 2005

      /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE

---

[1] The *Drew* case involved the offense of keeping a bowling alley–which says something about its age and our system of justice in the Victorian era.